IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3019-D

| | | |
|---|---|---|
| LINWOOD D. JENNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND RECOMMENDATION |
| | ) | |
| NORTH CAROLINA DIVISION OF | ) | |
| ADULT CORRECTION OF THE | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court to address Plaintiff's failure to respond to the court's August 31 and October 17, 2017 orders. [DE-89, -90]. For the reasons that follow, it is recommended that this action be dismissed with prejudice for failure to prosecute and to comply with the court's orders.

## I. BACKGROUND

Plaintiff filed this action on January 23, 2015, under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights and seeking damages. [DE-3]. The court initially dismissed the action on Eleventh Amendment immunity grounds [DE-41], but on a motion for reconsideration allowed Plaintiff to amend his complaint to assert individual capacity claims against certain defendants [DE-47]. The court entered a scheduling order setting a non-expert discovery deadline of September 1, 2017 and a motions deadline of April 16, 2018. [DE-68].

On May 11, 2017, Defendant Engleman filed a motion to compel based on Plaintiff's failure to respond to discovery requests. [DE-71]. Plaintiff did not respond to the motion, and on June 16,

2017, the court allowed the motion and awarded fees and expenses associated with the motion. [DE-73, -80]. The court also allowed defendants' motions to extend the non-expert discovery deadline to October 1, 2017. [DE-79, -84]. On August 16, 2017, Defendant Engleman filed a motion to enforce the court's June 16, 2017 order, asserting that Plaintiff failed to adequately respond to the discovery requests as ordered by the court and asked the court to order Plaintiff to fully respond or to alternatively dismiss the claims against Defendant Engleman. [DE-82].

On August 30, 2017, Plaintiff's attorney filed a motion to withdraw from the case because he had been suspended from the practice of law as a condition of supervised probation by the Currituck County Superior Court. [DE-88]. On August 31, 2017, the court allowed Plaintiff's attorney to withdraw and stayed discovery and all deadlines for 30 days to allow Plaintiff to obtain new counsel. [DE-89]. The court set an October 2, 2017 deadline for new counsel to enter an appearance or for Plaintiff to notify the court that he would proceed without counsel, reset all remaining case deadlines, and directed the Clerk to serve the order on Plaintiff. *Id.* New counsel did not enter an appearance in the case and Plaintiff did not respond to the court's order by the appointed deadline. On October 17, 2017, the court ordered Plaintiff to "show cause, by responding to this order in writing by no later than **November 7, 2017**, why the undersigned should not recommend to the district court that this case be dismissed," and Plaintiff was warned that his failure to respond to the order may result in dismissal of his case. [DE-90]. To date, Plaintiff has not responded to the court's show cause order.

## II. DISCUSSION

A court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The

2

authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order.") (citations omitted). However, "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). Here, consideration of the relevant factors—(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal—supports dismissal. *Id.*

First, Plaintiff is not represented by counsel and, therefore, the failure to respond to the court's orders lies solely with Plaintiff. Second, this case is nearly three years old and further delay will prejudice Defendants' opportunity to defend the action and achieve a resolution in a timely manner. Third, Plaintiff's failure to respond to two orders, specifically regarding his intent to continue to prosecute his case, establishes a pattern of disregard for the court's orders and leaves little room for doubt that Plaintiff has abandoned his claims. Finally, Plaintiff was warned that his failure to respond to the show cause order may result in dismissal, and no lesser sanction would effectively address Plaintiff's failure to prosecute his case and to comply with the court's orders. *See Merrill*, 258 F.R.D. at 308–10 (finding dismissal under Rule 41(b) appropriate based on consideration of the *Davis* factors). Plaintiff has had ample opportunity to obtain new counsel or to proceed with his case *pro se* and was cautioned that a failure to respond to the court's order may result in dismissal of his case. Notwithstanding, Plaintiff failed to respond to the court's August 31

3

and October 17, 2017 orders and there is no indication Plaintiff seeks to further pursue his claims in this case. Accordingly, it is recommended that the case be dismissed with prejudice for failure to prosecute and to comply with the court's orders.

## III. CONCLUSION

For the reasons set forth above, it is RECOMMENDED that the case should be DISMISSED WITH PREJUDICE.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 30, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and**

4

Recommendation. *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

SUBMITTED, this the 16th day of November 2017.

Robert B. Jones, Jr.
United States Magistrate Judge